IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,404-01






EX PARTE TOMMY JEWEL SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 98-428,286-A IN THE 137TH JUDICIAL DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to ninety-nine years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Smith v. State, No. 07-99-00057-CR (Tex. App.-Amarillo, delivered August 19, 1999, 
no pet.). 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
(1) argue self-defense and necessity; (2) investigate whether the complainant's injuries were from
a pre-existing condition; and (3) interview Diane Foster, Tommy Drake, Jeremy Penley, Anthony
Mayfield, Patrick Robinson, Carla Williamson, Kim Robinson, Tonya Lane, and a person named
Monty. 

 On August 30, 2006, we remanded the application and instructed the trial court to make
findings of fact as to whether counsel's performance was deficient and, if so, whether Applicant was
prejudiced. Strickland v. Washington, 466 U.S. 608 (1984). On remand, after reviewing the
application, the district clerk's file, and counsel's affidavit, the trial court concluded that there "are
no controverted, previously unresolved facts material to the legality of the applicant's confinement."
The trial court recommended either dismissing or denying the application.

 We believe, however, that the trial court's findings of fact are not sufficient to resolve
Applicant's claims. Specifically, trial counsel did not address whether he investigated the cause of
the complainant's injuries. Accordingly, the trial court shall provide counsel with a second
opportunity to respond to Applicant's claims. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of counsel
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 13, 2006

Do not publish